IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL CASTONGUAY, SR., | ) | CASE NO. 8:09CV232 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DOUGLAS COUNTY CORRECTION (MEDICAL DEPARTMENT), | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on July 13, 2009. (Filing No. 1.) Also pending is before the court are Plaintiff's Motions to Extend Time to Pay Filing Fee. (Filing Nos. 9 and 10.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.  INITIAL REVIEW OF COMPLAINT

   A.  Summary of Complaint

Plaintiff filed his Complaint on July 13, 2009, against the "Douglas County Correction (Medical Department)."[1] (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently confined in the Douglas County Correctional Center in Omaha, Nebraska. (*Id*. at CM/ECF p. 2.)

Condensed and summarized, Plaintiff alleges that Douglas County Correctional Center medical staff are ignoring his medical problems. (*Id*. at CM/ECF p. 8.) Specifically, Plaintiff alleges that he is "bleeding alot [sic] from the [r]ectum," but the medical staff

---

[1] The court liberally construes "Douglas County Correction" to mean Douglas County Correctional Center.

1

refuses to do anything about it. (*Id*. at CM/ECF pp. 5-6.) Plaintiff seeks monetary damages in the amount of $,300,000.00. (*Id.* at CM/ECF pp. 7-8.)

**B.     Applicable Legal Standards on Initial Review**

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**C.     Discussion of Claims**

Plaintiff names the Douglas County Correctional Center Medical Department as a Defendant in this matter. (Filing No. 1 at CM/ECF p. 1.) The court liberally construes claims against the Douglas County Correctional Center as claims against Douglas County,

2

Nebraska. As a municipal defendant, Douglas County may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County's employees, or that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Douglas County across the line from conceivable to plausible under the *Jane Doe* standard.

3

However, on its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege a claim against Douglas County in accordance with the *Jane Doe* standard. Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's claims against Douglas County will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II.   PLAINTIFF'S PENDING MOTION

Plaintiff has also filed two Motions to Extend Time to Pay Filing Fee. (Filing Nos. 9 and 10.) In these Motions, Plaintiff states that he has insufficient funds to pay the filing fees assessed in the court's July 24, 2009 Order. (*Id.*) Plaintiff requests an extension of time to pay the assessed filing fees. (*Id.*)

As set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended. *See Jackson v. N.P. Dodge Realty Co., 173 F. Supp. 2d 951, 957 n.9 (D. Neb. 2001).* Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson v. Norris,* 129 F.3d 481, 484 (8th Cir. 1997). Therefore, Plaintiff's Motions (Filing Nos. 9 and 10) are granted and this matter will proceed without payment of the initial partial filing fee. However, the court reminds Plaintiff that he remains responsible for the full $350.00 filing fee.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motions to Extend Time to Pay Filing Fee (Filing Nos. 9 and 10) are granted;

2. The initial partial filing fee and subsequent installments shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing fee of $350.00 is paid, Plaintiff shall be obligated to pay, and the agency having custody of Plaintiff shall forward to the Clerk of the court, 20 percent of the preceding month's income in such months as the account exceeds $10.00;

3. The Clerk of the court shall serve a copy of this order on the appropriate financial officer for Plaintiff's current institution;

4. Plaintiff shall have until **October 2, 2009**, to amend his Complaint and clearly state a claim upon which relief may be granted against Douglas County, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Douglas County will be dismissed without further notice for failure to state a claim upon which relief may be granted;

5. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims;

6. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **October 2, 2009**, and dismiss if none filed; and

7. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

Dated this 2nd day of September, 2009.

BY THE COURT:
s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.